UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION
CIVIL ACTION NO. 4:14CV-00108-HBB

STEPHEN E. CLARK                                                                                                  PLAINTIFF

VS.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security                                          DEFENDANT

**MEMORANDUM OPINION
AND ORDER**

BACKGROUND

The Commissioner of Social Security denied Stephen E. Clark's application for disability insurance benefits and supplemental security income. Clark seeks judicial review of the Commissioner's decision pursuant to 42 U.S.C. § 405(g). Both Clark (DN 15-1) and the Commissioner (DN 18) have filed a Fact and Law Summary. Pursuant to 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73, the parties have consented to the undersigned United States Magistrate Judge conducting all further proceedings in this case, including issuance of a memorandum opinion and entry of judgment, with direct review by the Sixth Circuit Court of Appeals in the event an appeal is filed (DN 13).

FINDINGS OF FACT

After he lost his job with Purdue Farms, Inc., Stephen E. Clark ("Clark") applied for DIB and SSI benefits, claiming he became disabled on August, 22, 2011, as a result of a heart attack and

1

two stents (Tr. 217). His application was denied initially and again on reconsideration (Tr. 84, 97, 111, 124). Administrative Law Judge Kathleen M. Thomas ("ALJ") conducted a video hearing in Paducah, Kentucky (Tr. 39). Clark attended the hearing by video teleconference in Owensboro, Kentucky, and was represented by Lee Rose Doyle (Tr. 39). The ALJ issued an unfavorable decision on June 18, 2013 (Tr. 33).

The ALJ applied the traditional five-step sequential analysis promulgated by the Commissioner, 20 C.F.R § 404.1520; Kyle v. Comm'r of Soc. Sec., 609 F.3d 847, 855 (6th Cir. 2010), and found as follows. First, Clark has not engaged in substantial gainful activity since August 22, 2011, his alleged onset date (Tr. 22). Second, Clark has the following severe impairments: "coronary artery disease status post acute myocardial infarction, degenerative joint disease of the left shoulder, and degenerative disc disease of the cervical spine" (Tr. 22). Third, none of Clark's impairments or combination of impairments meets or medically equals the severity of a listed impairment from 20 C.F.R. Pt. 404, Subpt. P, App'x 1 (Tr. 23). Fourth, Clark has the residual functional capacity ("RFC") to perform a full range of light work (Tr. 23). Fifth and finally, Clark is capable of performing his past relevant work as a crane operator, which did not require performance of any work-related activities precluded by his RFC.

Clark appealed the ALJ's decision (Tr. 16). The Appeals Counsel declined review (Tr. 1). At that point, the denial became the final decision of the Commissioner, and Clark appealed to this Court (DN 1).

## CONCLUSIONS OF LAW

### A. Standard of Review

When reviewing the Administrative Law Judge's decision to deny disability benefits, the Court may "not try the case de novo, nor resolve conflicts in the evidence, nor decide questions of credibility." Cutlip v. Sec'y of Health & Human Servs., 25 F.3d 284, 286 (6th Cir. 1994) (citations omitted). Instead, the Court's review of the Administrative Law Judge's decision is limited to an inquiry as to whether the Administrative Law Judge's findings were supported by substantial evidence, 42 U.S.C. § 405(g); Foster v. Halter, 279 F.3d 348, 353 (6th Cir. 2001) (citations omitted), and whether the Administrative Law Judge employed the proper legal standards in reaching her conclusion. See Landsaw v. Sec'y of Health & Human Servs., 803 F.2d 211, 213 (6th Cir. 1986). Substantial evidence exists "when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." Cotton v. Sullivan, 2 F.3d 692, 695 (6th Cir. 1993).

### B. Residual Functional Capacity

Clark argues that the ALJ's decision must be reversed for five reasons, all of which relate to the ALJ's RFC determination at Finding No. 5 (DN 15-1). The ALJ's Finding No. 5 states, "[A]fter careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform the full range of light work as defined in 20 CFR 404.1567(b) and 416.967(b)" (Tr. 23).

#### 1. Treating Physician Rule

Clark first argues that the ALJ violated the "treating physician rule" by failing to give controlling weight to the opinion of Dr. Albert Mercer, his cardiologist (DN 15-1, at p.3). Specifically, Clark claims that the ALJ did not provide adequate reasoning for failing to give

3

controlling weight to Dr. Mercer's opinion that Clark is disabled and should be limited to less than sedentary work (Id. at p.5-6). Clark also argues that the ALJ erred in not considering the factors listed in 20 CFR § 404.1527(D)(2)[1] (Id. at p.7). The Commissioner argues in opposition that the ALJ properly determined that Dr. Mercer's opinion should not be afforded controlling weight and gave good reasons for doing so (DN 18, at p.7). The Commissioner also counters that Dr. Mercer's opinion did not deserve controlling weight because a statement that the claimant is disabled is an issue reserved to the Commissioner (Id. at p.6).

Under the "treating physician rule," an Administrative Law Judge must give a treating physician's opinion about a claimant's impairments controlling weight if that opinion is "well supported by medically acceptable clinical and laboratory diagnostic techniques" and is "not inconsistent with the other substantial evidence" in the claimant's case record. 20 CFR § 404.1527(c)(2); Gayheart v. Comm'r of Soc. Sec., 710 F.3d 365, 376 (6th Cir. 2013). If the Administrative Law Judge determines a treating source should not receive controlling weight, she applies factors from the regulations to determine the appropriate weight to assign the opinion. These factors include the length, nature, and extent of the treatment relationship, the supportability and consistency of the opinion compared to the other evidence in the record, and the treating source's area of specialty. 20 CFR § 404.1527(c)(2)(i)-(ii), (c)(3)-(5); Wilson v. Comm'r of Soc. Sec., 378 F.3d 541, 544 (6th Cir. 2004). The Administrative Law Judge is also required to provide "good reasons" in her decision for the weight given to the treating source opinion. 20 CFR § 404.1527(c)(2); Gayheart, 710 F.3d at 376.

---

1 Stanley's Fact and Law Summary cites to 20 CFR 404.1527(D)(2) as the regulation listing the factors the ALJ should use to decide how much weight to give to a medical opinion. The undersigned notes that the proper citation here is 20 CFR § 404.1527(c)(2)(i)-(ii), (c)(3)-(5).

4

Clark seems to argue that all of Dr. Mercer's opinion (Tr. 464) should have been assigned controlling weight. A distinction, however, must be drawn between Dr. Mercer's statements which are "opinions on issues reserved to the Commissioner" versus his statements which are "medical opinions." Issues that are reserved to the Commissioner are findings that are dispositive of the case, or in other words, "would direct the determination or decision of disability." SSR 96-5P, 1996 WL 374183, at *2 (citing 20 CFR § 404.1527(e), 416.927). Treating source opinions on issues that are reserved to the Commissioner are never entitled to controlling weight or special significance. Id. Yet these opinions should not be ignored. Id. The ALJ must instead evaluate "all the evidence in the case record to determine the extent to which the opinion is supported by the record." Id. Comparatively, "medical opinions," are defined as "statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of [the claimant's] impairment(s)." Ferguson v. Comm'r of Soc. Sec., 628 F.3d 269, 272 (6th Cir. 2010) (citing SSR 96-5, at *2). The treating physician rule, referenced above, does apply to "medical opinions."

Dr. Mercer's opinion that Clark should be found totally disabled (Tr. 464) is an opinion reserved to the Commissioner, and thus, did not deserve controlling weight. The ALJ properly evaluated the additional evidence in Clark's case record to determine whether Dr. Mercer's opinion of total disability was supported. The ALJ stated, "[d]espite Dr. Mercer's opinion of disability, he noted on January 11, 2013, that the claimant was doing well since his last visit, was moderately active with an exercise capacity of three to four blocks, and was exercising three times a week" (Tr. 27). In addition to Dr. Mercer's later records, a consultative examination and three state agency physician reviews gave no indication that Clark was totally disabled as Dr. Mercer opined. Specifically, two state agency physicians found the record indicated that Clark could

5

perform "medium exertional work" with listed limitations, while a later state agency physician determined the claimant could perform a "full range of light work" (Tr. 30). Consequently, the ALJ's decision not to apply controlling or great weight to Dr. Mercer's opinion of total disability comports with the regulations and is supported by substantial evidence in the record.

Review of Dr. Mercer's other statements, which qualify as "medical opinions," requires a slightly more complex analysis. As an initial matter, the ALJ properly determined that Dr. Mercer's opinion, as a treating physician, was not entitled to controlling weight because his opinion is not supported by his treatment notes or the totality of the evidence in the record (Tr. 26, 29, 31). To support her determination, the ALJ used the factors identified in 20 CFR § 404.1527(c)(2)(i)-(ii), (c)(3)-(5) and gave "good reasons."

An Administrative Law Judge is not required to explicitly discuss every factor she considers "where there is evidence on the record indicating that the ALJ did indeed consider a given factor." Adams v. Astrue, No. 1:07-cv-2543, 2008 WL 9396450, at *3, n.5 (N.D. Ohio Sept. 25, 2008) (citing Thacker v. Comm'r of Soc. Sec., 99 F. App'x 661, 665 (6th Cir. 2004)). Although the ALJ here didn't explicitly cite to 20 CFR § 404.1527(c)(2)(i)-(ii), (c)(3)-(5), she does mention most of these factors throughout her RFC determination and discusses Clark's visits with Dr. Mercer in great detail. For instance, the ALJ identified that Clark first saw Dr. Mercer in June of 2002 (Tr. 26); that Dr. Mercer is a cardiologist (Tr. 24); that Dr. Mercer's treatment notes indicate cardiac stability and did not require frequent office visits (Tr. 31); and that Dr. Mercer's opinion was inconsistent with the record as a whole (Tr. 26, 31).

The ALJ additionally afforded "good reasons" supporting her decision to not afford great weight to Dr. Mercer's medical opinions. These good reasons include inconsistencies between Dr. Mercer's notes and Clark's testimony and Dr. Mercer's most recent report that Clark was

doing well and was moderately active (Tr. 26, 31). Based on these facts, the undersigned cannot say that the ALJ failed to comply with the regulations. Thus, even though the undersigned would have preferred an explicit analysis of each factor and an explicit identification of the weight afforded to the treating source's opinion, it cannot be said that the ALJ here left the Court to "guess" whether the ALJ appropriately applied the particular factors. *See* Adams, 2008 WL 9396450, at *3, n.5 ("An ALJ who leaves the Court to 'guess' whether that ALJ appropriately applied particular factors puts himself at great risk for remand.").

2. Improper Speculation as to Medical Conditions

Clark also feels that the ALJ erred in improperly speculating as to his medical conditions (DN 15-1, at p. 10). Specifically, Clark claims the ALJ's conclusion that his cardiac stability correlated with an ability to work is improper speculation (Id. at p.10-11). It is true that the ALJ is not permitted to "substitute [her] own medical judgment for that of the treating physician," Simpson v. Comm'r of Soc. Sec., 344 F. App'x 181, 194 (6th Cir. 2009) (citing Meece v. Barnhart, 192 F. App'x 456, 465 (6th Cir. 2006), and may not make her own independent medical findings. Rohan v. Chater, 98 F.3d 966, 970 (7th Cir. 1985) (citations omitted).

Here, the ALJ did not improperly speculate or make independent medical findings. Instead, the ALJ noted Dr. Mercer's finding that Clark is stable from a cardiac standpoint (Tr. 29, 31) and used this medical evidence in determining that Clark retained the ability to work. The "ultimate disability determination rests with the ALJ—even when a treating-source opines that a claimant is disabled." Marthaler v. Comm'r of Soc. Sec., No. 11-cv-15315, 2012 WL 5265734, at *11 (E.D. Mich. Oct. 1, 2012) (citing Brock v. Comm'r of Soc. Sec., 368 F. App'x 622, 625 (6th Cir. 2010) (citing 20 C.F.R. § 404.1527(e)(1), (e)(3))). Because the ALJ properly limited her

opinion to Clark's ability to work, based on the record medical evidence and Dr. Mercer's treatment, the undersigned finds no improper speculation occurred.

### 3. State Agency Physician

Clark argues that the ALJ's decision to adopt the opinion of State agency physician Dr. Luis Zuniga was not supported by substantial evidence in the record (DN 15-1, at p.7). Specifically Clark takes issue with the ALJ's statement that she was persuaded to accept Dr. Zuniga's opinion "[b]ased on new and material evidence" (Id. at p.8; Tr. 30). Clark believes the ALJ erred in failing to identify what "new and material evidence" she alluded to in her determination (DN 15-1, at p.8). The Commissioner counters that, although the ALJ did not specify which "new and material evidence" she was referring to, her decision to accept Dr. Zuniga's opinion was reasonable (DN 18, at p. 9-10).

State agency physicians are considered experts in Social Security disability evaluation, and therefore, Administrative Law Judges must consider findings and other opinions by State agency physicians as opinion evidence. 20 CFR § 404.1527(e)(2)(i). The opinions of State agency medical physicians "can be given weight only insofar as they are supported by evidence in the case record." SSR 96-6P, 1996 WL 374180, at *2 (July 2, 1996). In certain circumstances, opinions from State agency physicians "may be entitled to greater weight than the opinions of treating or examining sources." Id. at *3.

Here, the ALJ accepted the opinion of State agency physician, Dr. Zuniga, finding "Dr. Zuniga produced the most credible assessment of the claimant's residual functional capacity" (Tr. 31). Dr. Zuniga's RFC assessment indicated that Clark could occasionally lift 20 pounds, frequently lift 10 pounds, stand and or walk about 6 hours in an 8-hour work day, and sit about 6 hours in an 8-hour workday (Tr. 420). Dr. Zuniga's assessment also determined that Clark's

claimed limitations are not supported by the record and that the clinical notes and updated exercise tolerance test (ETT) did not support Dr. Mercer's medical source statement (Tr. 424-25).

Dr. Zuniga's opinion is supported by the overall evidence. First, Clark's testimony at the hearing and in his function report indicates that he is able to mow the lawn, play with his grandchildren, grocery shop, and drive a car (Tr. 55-56). Clark also testified that he can frequently or occasionally lift "maybe 20 pounds." Further, Dr. Mercer's objective medical testing indicates cardiac stability and an unchanging medication regimen (Tr. 25, 28). The record also lacks radiological studies to prove back and neck problems, and Clark's chiropractor identified definite improvement with treatment (Tr. 27, 590). Similarly, a consultative examiner, Olaguoke Akinwande, found that Clark had no problems sitting, standing, lifting, carrying, handling objects, hearing, speaking, or traveling (Tr. 401). All of this evidence supports Dr. Zuniga's conclusion that Clark is capable of performing light work. Therefore, Dr. Zuniga's opinion was supported by the overall medical evidence, and the ALJ did not err in accepting this state agency physician opinion.

### 4. Clark's Credibility

Clark also argues that the ALJ erred in failing to accept his testimony as fully credible (DN 15-1, at p. 8). Clark claims that he has been consistent in detailing the intensity, persistence, and limiting effects of his conditions, and the medical evidence supports his testimony (Id. at p.9). In opposition, the Commissioner argues that the ALJ reasonably evaluated the medical evidence and Clark's ability to perform various activities in determining his allegations were not fully credible (DN 18, at p. 11). The Commissioner also points out that Clark fails to provide any medical evidence to support his credibility allegations (Id.).

An ALJ is not required to accept a claimant's subjective complaints and may properly consider the claimant's credibility when making her disability determination. Jones v. Comm'r of Soc. Sec., 336 F.3d 469, 475 (6th Cir. 2003) (citing Walters v. Comm'r of Soc. Sec., 127 F.3d 525, 531 (6th Cir. 1997) (additional citation omitted)). When the ALJ evaluates credibility, a claimant's statement that he is experiencing pain or other symptoms will not, taken alone, establish that he is disabled. *See* 20 C.F.R. § 404.1529(a); Walters v. Comm'r of Soc. Sec., 127 F.3d 525, 530 (6th Cir. 1997); Duncan v. Sec'y of Health & Human Servs., 801 F.2d 847, 853 (6th Cir. 1986). There must be medical signs and laboratory findings which show the existence of a medical impairment that could reasonably be expected to produce the pain alleged. Walters, 127 F.3d at 530; Duncan, 801 F.2d at 854. In making his evaluation, the ALJ considers objective medical evidence, as well as other factors such as evidence of daily activities, the frequency and intensity of pain, medication taken and any resulting side effects, and any other measures taken to alleviate the pain. *See* 20 C.F.R. §§ 404.1529(c)(2), (3), 416.929(c)(2), (c)(3).

In determining whether a claimant suffers from debilitating pain and other symptoms, the Sixth Circuit applies the two-part test set forth in Duncan, 801 F.2d at 853. First the Administrative Law Judge must examine whether there is objective medical evidence of an underlying medical condition. Duncan, 801 F.2d at 853. Here, the ALJ concluded that Clark's medically determinable impairments could reasonably be expected to cause the alleged symptoms (Tr. 30). Next, the Administrative Law Judge must determine: "(1) whether objective medical evidence confirms the severity of pain alleged by plaintiff; or (2) whether the underlying medical impairment is severe enough that it can reasonably be expected to produce the allegedly disabling pain. Lawson v. Astrue, 695 F.Supp.2d 729, 741 (S.D. Ohio 2010) (citing Duncan, 801 F.2d at 852-3). Here, the ALJ found that Clark's "statements concerning the intensity, persistence and

limiting effects of these symptoms are not entirely credible to further reduce [Clark's] residual functional capacity" (Tr. 30).

The ALJ offered several reasons supporting her decision to partially discount Clark's credibility. First, the ALJ considered that Clark's complaints of incapacity are not supported by the medical evidence in the record (Tr. 28).[2] The ALJ also considered that Clark's complaints were inconsistent with his regularly performed daily activities (Tr. 28). For instance, Clark testified that he cares for and plays with his grandchildren, uses a riding mower, builds birdhouses in his garage, grocery shops, and drives a car (Tr. 29-30, 55-56). These regularly performed daily activities are inconsistent with Clark's claimed limitations. See Blacha v. Sec'y of Health & Human Servs., 927 F.2d 228, 231 (6th Cir. 1990) (finding that the ALJ may consider household and social activities in evaluating complaints of disabling pain). The ALJ also cited Clark's inconsistent testimony regarding when he stopped working (Tr. 29). Clark testified that he last worked in August of 2011, on the day of his heart attack (Tr. 29, 45). This contradicts Dr. Mercer's notes stating that after his heart attack Clark "tried to work and had exhaustive limiting fatigue with time missed from work" (Tr. 29, 429). The ALJ also indicated that his sporadic work prior to his alleged onset date raises a question as to whether Clark's continuing unemployment is actually due to his medical impairments (Tr. 28). Based upon Clark's daily activities and Clark's testimony about the extent of his pain and limitations, the undersigned finds that it was permissible for the ALJ to partially discredit Clark's credibility.

### 5. Combined Effect of Impairments

Clark disagrees with the ALJ's determination that the combined effects of Clark's impairments do not render him totally disabled (DN 15-1, at p.9-10). A disability may result

---

[2] The undersigned has detailed much of the medical evidence from the record in the previous sections of this opinion.

from multiple impairments, "no one of which alone would constitute a full disability." Loy v. Sec'y of Health & Human Servs., 901 F.2d 1306, 1310 (6th Cir. 1990). However, an Administrative Law Judge's individual discussion of multiple impairments does not imply that she failed to consider the effect of the impairments in combination, where the Administrative Law Judge specifically refers to a "combination of impairments" in her factual findings. Gooch v. Sec'y of Health & Human Servs., 833 F.2d 589, 591-92 (6th Cir. 1987).

In this case, throughout the RFC determination, the ALJ expressly considers "all symptoms" (Tr. 24); and "the claimant's medically determinable impairments" (plural) (Tr. 30). The ALJ evaluated records relating to Clark's myocardial infarction, cardiac condition, back pain, neck pain, and shoulder pain. Finally, the ALJ indicates that she made her decision after "careful consideration of the evidence" and after giving a thorough summary of Clark's treatment and assessments involving all of the claimed impairments. Accordingly, the ALJ's thorough RFC analysis compels the undersigned to reject Clark's argument that the ALJ erred in not considering the combined effect of his impairments.

## ORDER

**IT IS HEREBY ORDERED** that the final decision of the Commissioner is **AFFIRMED.**

This is a final and appealable Order and there is no just cause for delay.

Copies:    Counsel